## SNIFF v WRIGHT

Ohio Appeals, 2nd Dist, Franklin Co

No 2328. Decided Nov 14, 1933

Henry A. Reinhard, Columbus, for plaintiff in error.

McFayden & Swisher, Columbus, and Richard W. Gordon, for defendant in error.

## OPINION

By KUNKLE, J.

We have considered the record in this case with considerable care and upon such

consideration are of opinion that there is ample evidence in the record to support the finding and judgment of the lower court, if believed by such trial court.

Under the proceedings had in this case, the trial court took the place of a jury and the findings of the trial court are entitled to the same weight and consideration as would the verdict of a jury. There was a conflict in the testimony as to what transpired between these parties in reference to the purchase of this special automobile and what transpired after the receipt by plaintiff in error of the particular automobile which was tendered defendant in error. It is unnecessary to cite authorities to support the rule that in a case of a conflict of testimony, the weight to be given to the testimony of the different witnesses and the credibility of such witnesses are questions peculiarly within the province of the jury. Such province is shifted to the trial court where a jury is waived by the parties and the case submitted to the trial court for its consideration.

Among the many cases that might be cited in support of the above rule is the opinion of our Supreme Court in **Theater Company v Lautermilch, 118 Oh St, 167,** wherein the rule is stated as follows:

"Whenever from conflicting evidence of the same witness or different witnesses it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact, upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for a court to invade that province of the jury."

Applying the above rule to the instant case, we would not feel warranted in finding that the court erred in rendering judgment for defendant in error instead of plaintiff in error.

It is also urged that the court erred in overruling the motion for a new trial. We have considered this phase of the case, together with the affidavits relating to newly discovered evidence and find no prejudicial error in such ruling of the trial court.

We have considered all of the errors urged by counsel for plaintiff in error in their brief, but finding no error in the record which me think would warrant a re-

viewing court in disturbing the judgment of the lower court, the same will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.